IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| SYDNEY FOOR, Relator for Stephanie Foor, ) ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:16-cv-03004-MDH |
| ) | |
| GARY DROVER, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court are Defendants' Motions to Dismiss (Doc. 17 and 18). After full and careful consideration, the Court hereby **GRANTS** Defendants' motions. Further, for the reasons set forth herein, Plaintiff's claims are dismissed, in their entirety, against all Defendants.

### I. BACKGROUND

Plaintiff commenced the present *pro se* action in federal court on behalf of her adult daughter Stephanie Foor.[1] The Court's interpretation of Plaintiff's excessive filings in this case is that Plaintiff claims her daughter's rights were violated with regard to state court orders for child support. Plaintiff alleges that since 2010 her daughter, Stephanie Foor, has been ordered to make child support payments in violation of her civil rights. While it is not entirely clear what Plaintiff seeks on behalf of her daughter, Plaintiff does state she seeks "to modify the void child support judgment back to 2010," "expunge Stephanie's records," "restore Stephanie's driving privileges," and other relief on behalf of her daughter that pertain to her state court proceedings.

---

[1] The Court notes Plaintiff has at least two other pro se lawsuits pending before the Court. See Case Nos. 15-4296 and 16-4052.

Defendants move the Court to dismiss all of plaintiff's claims for numerous reasons, including but not limited to, lack of standing, lack of subject matter, judicial immunity, eleventh amendment immunity, the statute of limitations, and a failure to state a claim upon which relief can be granted. For the reasons stated herein, the Court grants the motions to dismiss.

## II. STANDARD

"To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is facially plausible where its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff must plead facts that show more than a mere speculation or possibility that the defendant acted unlawfully. *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Court accepts the complaint's factual allegations as true, it is not required to accept the plaintiff's legal conclusions. *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The court's assessment of whether the complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. The reviewing court must read the complaint as a whole rather than analyzing each allegation in isolation. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). With regard to a pro se complaint the Court must liberally construe the allegations and "pro se litigants are held to a lesser pleading standard than other parties." *Whitson v. Stone County Jail*, 602 F.3d 920, 922 n. 1 (8th Cir.2010) (citation omitted) However, a Plaintiff must allege sufficient facts to support her claims. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004); citing, *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir.1989) (regarding

2

a pro se plaintiff, "we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded."); and *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir.1981) ("pro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law."); see also, *Johnson v. Nixon*, 367 F. App'x 715 (8th Cir. 2010); citing, *Frey v. City of Herculaneum*, 44 F.3d 667, 672 (8th Cir.1995) (complaint fell short of meeting even liberal standard for notice pleading where it was entirely conclusory and gave no idea what acts individual defendants were accused of that could result in liability).

### III. ANALYSIS

Plaintiff has filed a *pro se* Complaint and an Amended Complaint, alleging in both that she is bringing suit as "realtor for Stephanie D. Foor." Plaintiff alleges her 25 year old daughter, Stephanie D. Foor, has had her civil rights violated in state court with regard to child support payments and troubles stemming from her failure to pay those state court ordered child support payments. However, Plaintiff does not set forth any basis, let alone allegation, as to how Plaintiff may bring her cause of action on behalf of her adult daughter. As a result, the Court finds Plaintiff has failed to allege standing to bring a claim on behalf of her daughter as set forth in the filings. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992).

Defendants further argue this Court lacks subject matter jurisdiction over Plaintiff's claims based on the allegations of state ordered child support payments and states "the domestic relations exception divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody." *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994); citing, *Ankenbrandt v. Richards*, 504 U.S. 689, ——, 112 S.Ct. 2206, 2215, 119 L.Ed.2d 468 (1992). Child support obligations are clearly within the domestic relations exception

3

domain. *Lannan v. Maul*, 979 F.2d 627, 631 (8th Cir. 1992). Again, the Court agrees with Defendant that Plaintiff has failed to establish a federal question that provides this Court with jurisdiction over Plaintiff's claim which appears to be based on her daughter's state court family law disputes (again the Court does not find an allegation of how Plaintiff has standing to bring a claim for an alleged wrongful state court order against her daughter).

In addition, even if Plaintiff were to have standing, or have alleged a claim that falls under this Court's jurisdiction, Plaintiff's claim against Judge Colyer should be dismissed based on judicial immunity. Plaintiff's allegation that Judge Colyer entered an order against her daughter for child support is an action to which judicial immunity applies. See *Mireles v. Waco*, 502 U.S. 9, 10, 112 S. Ct. 286, 287, 116 L. Ed. 2d 9 (1991) ("it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself").

Plaintiff also names the Director of the Department of Social Services, the Department of Social Services and the Department of Revenue. However, a review of Plaintiff's extensive filings does not reveal any specific causes of action against these defendants, or any allegations against any individuals acting in their individual capacity. The Court finds Plaintiff has failed to state a cause of action against these defendants pursuant to the federal rules of civil procedure. However, even if a claim can somehow be ascertained in reviewing Plaintiff's filings, Plaintiff's claims would be barred by the Eleventh Amendment because Plaintiff cannot bring her claim against state officials in their official capacity. See *Hafer v. Melo,* 502 U.S. 21, 27 (1991).

Finally, Plaintiff names Gary Drover, an attorney, as a defendant in this action. The Court interprets Plaintiff's allegations against Mr. Drover to arise out of his representation of the

4

opposing party in Plaintiff's daughter's state court child support case. Plaintiff has provided no allegations to state a cause of action in federal court against an attorney who represented a third party in a state court proceeding in which Plaintiff was not even a party. Further, as set forth above, Plaintiff has failed to establish standing and jurisdiction.

## IV. DECISION

Wherefore, for the reasons set forth herein, the Court hereby **GRANTS** Defendants' Motions to Dismiss (Doc. 17 and 18). Further, Plaintiff's Motions to Consolidate Cases (Doc. 26 and 30) are **DENIED** and Plaintiff's Motion for "Extension of Time" (Doc. 22) is **DENIED.**

In addition, Plaintiff has filed a "Motion for Order to Serve Amended Complaint." (Doc. 13). The Defendants who have filed Motions to Dismiss acknowledge both Plaintiff's Complaint and Amended Complaint. Therefore, for the reasons set forth herein, the motion is **DENIED AS MOOT.** Finally, Defendants' Joint Motion to Strike and Request for Order Prohibiting Additional Filings and Suggestions in Support, while well taken, is **DENIED AS MOOT.** (Doc. 52).

Finally, a review of the record reflects that defendant Andrew Reedy has not been served or filed a responsive pleading. From the Court's liberal interpretation of Plaintiff's filings it appears Plaintiff alleges Andrew Reedy is the biological father of Plaintiff's granddaughter. However, the Court finds no basis for a claim against Reedy as reflected in the "pleadings," and there is certainly no evidence of a claim against Mr. Reedy that would be subject to this Court's jurisdiction based on the Court's findings regarding standing and jurisdiction as set forth herein. As a result, the Court also dismisses Plaintiff's claim against Andrew Reedy. See, *Myers v. Richland Cty.*, 429 F.3d 740, 74 (8th Cir. 2005) ("[a]ny party or the court may, at any time, raise the issue of subject matter jurisdiction") (internal citations omitted) and *United States v. Hays*,

5

515 U.S. 737, 742, 115 S. Ct. 2431, 2435, 132 L. Ed. 2d 635 (1995) ("The federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'").  Here, Plaintiff has failed to allege a claim in this Court upon which she has standing, or upon which this Court has jurisdiction, and therefore, for the reasons set forth herein, Plaintiff's claims are dismissed, in their entirety, with prejudice.

**IT IS SO ORDERED**.

Dated: September 23, 2016  　　　　　　　 */s/ Douglas Harpool*  
　　　　　　　　　　　　　　　　　　　　 **DOUGLAS HARPOOL**  
　　　　　　　　　　　　　　　　　　　　 **UNITED STATES DISTRICT JUDGE**